IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT RABIN, | |
| Plaintiff, | |
| v. | |
| OFFICER FLYNN #10317, OFFICER KNEPPER #10958, OFFICER QUINLAN, UNKNOWN SUPERVISORS, COOK COUNTY, COOK COUNTY SHERIFF THOMAS DART in his official capacity, and the COOK COUNTY SHERIFF'S OFFICE, | |
| Defendants. | |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through his attorneys Blake Horwitz and Leah Selinger of the BLAKE HORWITZ LAW FIRM, and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit OFFICER FLYNN #10317, OFFICER KNEPPER #10958, OFFICER QUINLAN, UNKOWN SUPERVISORS (hereinafter, the "DEFENDANT OFFICERS"), COOK COUNTY, COOK COUNTY SHERIFF THOMAS DART in his official capacity and the COOK COUNTY SHERIFF'S OFFICE.

## JURISDICTION

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.      PLAINTIFF is a resident of the State of Illinois and of the United States.

3.     The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of COOK COUNTY.

4.     COOK COUNTY is a duly incorporated governmental entity in Illinois, and is liable for any judgments related to its agents and employees arising in the course of their employment, pursuant to 745 ILCS 10/2-302.

5.     THOMAS DART is the Cook County Sheriff and is the employer of DEFENDANT OFFICERS. The COOK COUNTY SHERIFF'S OFFICE is a duly incorporated municipal corporation and is the employer and principal of DEFENDANT OFFICERS.

6.     At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of COOK COUNTY and/or the COOK COUNTY SHERIFF'S OFFICE.

## FACTS

7.     On or about December 14, 2009, PLAINTIFF served an order to the address of 750 Lake Cook Road, Buffalo Grove, Illinois 60089.

8.     On or about December 14, 2009, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF at or around 750 Lake Cook Road, Buffalo Grove, Illinois 60089. Specifically, some or all of the DEFENDANT OFFICERS handcuffed the PLAINTIFF extremely tight despite the fact that the PLAINTIFF had not resisted arrest, threatened the DEFENDANT OFFICERS, and was not a threat to the DEFENDANT OFFICERS. This conduct violated the Fourth Amendment to the United States Constitution.

9.     Some or all of the DEFENDANT OFFICERS accused PLAINTIFF of having an unauthorized concealed weapon.

10.     PLAINTIFF informed DEFENDANT OFFICERS that he was a private detective registered to carry a concealed weapon.

11.     PLAINTIFF supplied DEFENDANT OFFICERS with a copy of his driver license, private detective license, firearm owner's identification card, and a firearm control card.

12.     On or about December 14, 2009, PLAINTIFF did not conceal a weapon in violation of 720 ILCS 5/24-1(a)(4).

13.     On or about December 14, 2009, some or all of DEFENDANT OFFICERS contacted Barry Rosenbloom, the individual who PLAINTIFF served, and inquired into PLAINTIFF'S employment and whether PLAINTIFF presented a badge to Mr. Rosenbloom.

14.     DEFENDANT OFFICERS arrested PLAINTIFF after DEFENDANT OFFICERS were given PLAINTIFF'S firearm owner's identification card authorizing him to carry a concealed weapon under 720 ILCS 5/24-1(a)(4).

15.     DEFENDANT OFFICERS had no probable cause to arrest PLAINTIFF.  This conduct violated the Fourth Amendment to the United States Constitution.

16.     The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to PLAINTIFF's person and property.

17.     The DEFENDANT OFFICERS arrested, participated in the arrest and/or failed to prevent the arrest of PLAINTIFF, notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort.  The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

18.     On December 14, 2009, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

19.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.  Specifically, DEFENDANT OFFICERS actions resulted in a flare up of PLAINTIFF'S Reflex Sympathetic Dystrophy (hereinafter "RSD") causing him physical pain and suffering.

20.     On or about December 14, 2009, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for COOK COUNTY and the COOK COUNTY SHERIFF'S OFFICE.  The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.  This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

21.     Upon information and belief, on December 14, 2009, OFFICER FLYNN #10317 came into physical contact with PLAINTIFF.

22.     Upon information and belief, on December 14, 2009, OFFICER KNEPPER #10958 came into physical contact with PLAINTIFF.

23.     Upon information and belief, on December 14, 2009, OFFICER QUINLAN came into physical contact with PLAINTIFF.

### CONSPIRACY

24.     Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

        a.   agreeing to falsely arrest the PLAINTIFF;

        b.   using excessive force and/or failing to intervene in the use
            of excessive force against the PLAINTIFF;

      c.   agreeing not to report each other after witnessing and/or
          using excessive force relative to the PLAINTIFF;

      d.   agreeing not to report each other after falsely arresting and
          the PLAINTIFF;

      e.   generating false documentation to cover-up for their own
          and each other's misconduct;

25.    In connection with the above conspiracy, the DEFENDANT OFFICERS specifically

engaged in communication on or about December 14, 2009, whereby the DEFENDANT

OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection

with the allegations immediately above.  As a result of this conspiracy, the DEFENDANT

OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer

physical injury, incur financial losses, and suffer emotionally.

### COUNT I
### Excessive Force Claim Pursuant to
### 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

26.    PLAINTIFF re-alleges paragraphs 1 – 25 as though fully set forth herein.

27.    The actions and/or the failure to intervene in the actions of the DEFENDANT

OFFICERS amounted to an excessive use of force onto the PLAINTIFF.

28.    This conduct violated the Fourth Amendment of the United States Constitution.

29.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and

proximate cause of the constitutional violations set forth above.

      WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT

OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the

DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT II
### False Arrest Claim Pursuant to
### 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

30.    PLAINTIFF re-alleges paragraphs 1 –25 as though fully set forth herein.

31.    The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that the PLAINTIFF had committed criminal activity.

32.    Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

33.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT III
### False Arrest – State Law Claim

34.    PLAINTIFF re-alleges paragraphs 1 –25 as though fully set forth herein.

35.    The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.  The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

36.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT IV
## Battery – State Law Claim

37.     PLAINTIFF re-alleges paragraphs 1 –25 as though fully set forth herein.

38.     The DEFENDANT OFFICERS tightly handcuffed the PLAINTIFF intentionally, without consent and without justification.

39.     The PLAINTIFF suffered injury as a result.

40.     The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

41.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations and injuries set forth above.

        WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT V
## § 1983 Conspiracy Claim

42.     PLAINTIFF re-alleges paragraphs 1 – 25 as though fully set forth herein.

43.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

        WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT VI
## Conspiracy Claim – State Law

44.     PLAINTIFF re-alleges paragraphs 1 – 25 as though fully set forth herein.

45.     The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT VII
### § 1983 Unlawful Seizure of Property

46.     PLAINTIFF re-alleges paragraphs 1 – 25 as though fully set forth herein.

47.     The DEFENDANT OFFICERS seized and/or destroyed the property of the PLAINTIFF without legal justification.

48.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT VIII
### 745 ILCS 10/9-102 Claim Against COOK COUNTY, COOK COUNTY SHERIFF THOMAS DART and the COOK COUNTY SHERIFF'S OFFICE

49.     PLAINTIFF re-alleges paragraphs 1 –25 as though fully set forth herein.

50.     Defendant COOK COUNTY, COOK COUNTY SHERIFF THOMAS DART and/or the COOK COUNTY SHERIFF'S OFFICE is the employer of the DEFENDANT OFFICERS.

51.     The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of COOK COUNTY, COOK COUNTY SHERIFF THOMAS DART and/or the COOK COUNTY SHERIFF'S OFFICE.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, COOK COUNTY, COOK COUNTY SHERIFF THOMAS DART and/or the COOK COUNTY SHERIFF'S OFFICE pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

**COUNT IX**
**Supplementary Claim for *Respondeat Superior***

52.     PLAINTIFF re-alleges paragraphs 1 – 25 as though fully set forth herein.

53.     The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendants COOK COUNTY, COOK COUNTY SHERIFF THOMAS DART and the COOK COUNTY SHERIFF'S OFFICE, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any *state claims* alleged herein, Plaintiff demands judgment against COOK COUNTY, COOK COUNTY SHERIFF THOMAS DART and/or the COOK COUNTY SHERIFF'S OFFICE and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

54.     PLAINTIFF demands trial by jury.

Respectfully submitted,


s/ Leah Selinger_____
Attorney for the Plaintiff


**THE BLAKE HORWITZ LAW FIRM**
Two First National Plaza
20 S. Clark St., Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076